UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maksim Sherman,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>Experian Information Solutions, Inc.<br><br>　　　　　　Defendant(s). | Case No.: 1:24-cv-4699<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiff Maksim Sherman, by and through counsel, as for this Complaint against Experian Information Solutions, Inc. ("Experian" or "Bureau"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p et seq.

2. Venue is in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, and the Defendant transact business, in this state.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

### PARTIES

4. Plaintiff is a resident of the State of New York.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State.

8. Experian may be served with process c/o C T Corporation System at 28 Liberty Street, New York, NY, 10005.

9. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. Sometime prior to the events relevant here, Plaintiff allegedly incurred a debt to Smile Direct Club LLC for an account that was opened on December 2, 2019 ("Account").

13. On information and belief, the Account was either purchased or serviced through Amerassist AR Solution ("Furnisher").

14. On information and belief, on date(s) better known to the Defendant, it issued credit reports concerning the Plaintiff that included two Amerassist AR Solution tradelines.

15. Plaintiff did not have two accounts with Smile Direct Club LLC that were opened in December 2019.

16. Plaintiff only had one account.

17. Experian was showing the two account numbers both beginning with 93…

18. The information being reported, however, was for the same account.

19. The accounts had the following identical information:

    a. Original Creditor

    b. Date opened in December 2, 2019

    c. Account Type as Collection Account

    d. Responsibility as Individual

    e. Original Balance of $1,542

    f. Balance of $1,542

    g. Past Due amount of $1,542

    h. Status updated as Dec. 2019

    i. Balance updated as of February 28, 2022

20. Most critically, the accounts were both reporting the same delinquency.

21. The Account is a duplicate.

22. The information furnished by Amerassit AR Solution and published by the Defendant is inaccurate.

23. This is particularly so because the information for the two Accounts is so similar, including much of the relevant account data.

24. The reporting of the duplicate Accounts excessively exaggerates the derogatory nature of Plaintiff's debt.

25. Defendant's double reporting of the same alleged debt falsely indicates that Plaintiff has multiple delinquent Accounts.

26. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

27. On information and belief, on a date better known to the Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

28. The information furnished by Furnisher and published by the Defendant improperly, falsely, and inaccurately characterizes Plaintiff's account information.

29. The Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

30. Whenever Defendant prepares a consumer report, it is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.

31. Defendant did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's Accounts.

32. Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

33. Defendant has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

34. As a result of Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

35. Defendant's erroneous reporting continued to affect Plaintiff's reputation, creditworthiness, and credit score.

36. Plaintiff suffered damage to his reputation as it falsely appears as if there is a delinquency on two accounts.

37. Plaintiff suffered damage to his reputation as it falsely appears as if there is a remaining balance on two accounts.

38. This falsity was published to numerous third parties.

39. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's financial affairs.

40. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

41. The inaccurate information on Plaintiff's credit report has negatively affected his credit score.

42. Plaintiff was attempting to obtain credit.

43. Due to Defendants' actions, Plaintiff was unable to secure the necessary credit.

44. On information and belief, Plaintiff was denied new lines of credit from several potential lenders due to Defendant's actions and omissions.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. As a result of Defendant's failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to Experian)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

48. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

49. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

50. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice or should have had notice that was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    g) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

51. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

52. The conduct, action and inaction of Experian was willful and/or negligent rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. §§ 1681(n)-(o).

53. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681(n)-(o).

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-o.

### DEMAND FOR TRIAL BY JURY

54. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 3, 2024

Respectfully Submitted,
**HOROWITZ LAW, LLC**
*/s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
uri@horowitzlawpllc.com
*Attorney for Plaintiff*